[Cite as *State v. Florio*, 2020-Ohio-3785.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL ROSSO FLORIO

    Appellant

C.A. Nos.     29385
                  29386

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 18 07 2513
                 CR 18 08 2610

DECISION AND JOURNAL ENTRY

Dated: July 22, 2020

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Michael Rocco Florio, appeals from his conviction in the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**{¶2}** This consolidated appeal stems from two separate cases involving a common course of conduct. On August 14, 2018, the Summit County Grand Jury issued an indictment charging Mr. Florio with one count of retaliation in violation of R.C. 2921.05(B)/(C), a felony of the third degree. A supplemental indictment was issued later that month charging Mr. Florio with an additional eight counts: menacing by stalking in violation of R.C. 2903.211(A)(1)/(B)(2)(b), a felony of the fourth degree; assault in violation of R.C. 2903.13(A)/(C), a misdemeanor of the first degree; menacing by stalking in violation of R.C. 2903.211(A)(1)/(B)(2)(c), a felony of the fourth degree; aggravated trespass in violation of R.C. 2911.211(A)/(B), a misdemeanor of the

first degree; criminal trespass in violation of R.C. 2911.21(A)(3)/(D)(1), a misdemeanor of the fourth degree; telecommunications harassment in violation of R.C. 2917.21(A)(6)/(C)(2), a misdemeanor of the first degree; and telecommunications harassment in violation of R.C. 2917.21(A)(3)/(C)(2), a misdemeanor of the first degree. Mr. Florio entered an initial plea of not guilty to each of these nine counts comprising Case No. CR-2018-07-2513.

{¶3} The Summit County Grand Jury issued a separate indictment in Case No. 2018-08-2610 on August 20, 2018, charging Mr. Florio with a single count: intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B)(1)/(D), a felony of the third degree. Mr. Florio entered an initial plea of not guilty to this charge.

{¶4} In January 2019, as a result of plea negotiations, Mr. Florio changed his plea as to three of the charges. He entered a plea of guilty to one count of attempted retaliation and one count of menacing by stalking in CR-2018-07-2513, and one count of attempted intimidation of an attorney, victim, or witness in a crime case in CR-2018-08-2610. The trial court accepted his plea and found him guilty of those offenses. Further, the trial court granted the State's motion and dismissed the remaining charges. The trial court referred the case for a presentence investigation report ("PSI") and an aid in sentencing report.

{¶5} At a subsequent sentencing hearing, the trial court imposed a sentence consisting of a term of one year imprisonment for attempted intimidation of an attorney, victim, or witness in a crime case in CR-2018-08-2610. In CR-2018-07-2513, the trial court sentenced Mr. Florio to a term of eighteen months imprisonment for attempted retaliation, and a term of one year imprisonment for menacing by stalking. The trial court ordered that Mr. Florio serve the two sentences imposed in CR-2018-07-2513 consecutively with each other. Further, the trial court

ordered that the sentences imposed in CR-2018-07-2513 be served consecutively to the sentence imposed in CR-2018-08-2610, resulting in a total aggregate sentence of three-and-one-half years.

{¶6} Mr. Florio timely appealed his conviction and presented one assignment of error for our review.

II.

### Assignment of Error

**The court failed to give any benefit to Mr. Florio as a defendant despite his acceptance of responsibility and clear acknowledgment at sentencing of his wrongdoing, and as such, despite being within the sentencing range, the sentence was unduly harsh and retaliatory against Mr. Florio.**

**The record does not support the sentencing court's findings which support a consecutive sentence.**

{¶7} In his assignment of error, Mr. Florio argues that the record does not support the trial court's "harsh consecutive sentences," and contends that this Court should "modify the sentence accordingly."

{¶8} When reviewing a felony sentence, "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses," R.C. 2929.14(C)(4) provides that the sentencing court may impose consecutive prison

terms if the court finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:"

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c). "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶10} For context, we will review the limited facts in the record regarding events leading up to the charges against Mr. Florio. All of the charges involve the same victim, C.A., a former neighbor of Mr. Florio. Mr. Florio had been staying with a friend in an apartment near C.A.'s residence up until November of 2017, when he and the friend were evicted from the apartment. In March of 2018 Mr. Florio found himself homeless and, seeking refuge from the cold, entered his then-unoccupied former apartment.

{¶11} On March 18, 2018, Mr. Florio's former landlord contacted police to relay a report that Mr. Florio was inside his former apartment without permission. Officers responded, took Mr.

Florio into custody, charged him for criminal trespass, and released him. A little more than a week later, officers responded to another call reporting the presence of an unauthorized individual in Mr. Florio's former apartment. The officers discovered Mr. Florio inside the apartment and again charged him for criminal trespass.

{¶12} Mr. Florio blamed C.A. for contacting the police to report his presence in the apartment and allegedly causing the police to begin approaching Mr. Florio every time he was in the area of his former apartment. Consequently, Mr. Florio became frustrated and angry with C.A. Mr. Florio reacted by leaving an intimidating letter on C.A.'s door on March 22, 2018. On May 1, 2018, as a result of the charges against Mr. Florio, the Stow Municipal Court ordered Mr. Florio not to return to his former apartment or the neighboring property, and ordered him not to contact any of his former neighbors, including C.A.

{¶13} The record reflects several incidents where Mr. Florio defied the no-contact order. While present in the Stow Municipal Court, a bailiff overheard Mr. Florio make a threatening remark to C.A. In May 2018, C.A. reported that Mr. Florio, under an alias, had been making posts on C.A.'s business Facebook page threatening C.A. and referencing a protection order. In July 2018, Mr. Florio vandalized C.A.'s car by writing on it with a black marker. On or about July 20, 2018, Mr. Florio confronted C.A. The confrontation escalated to a physical alteration, and ended with the police arresting Mr. Florio for assaulting C.A.

{¶14} In its sentencing entry, the trial court stated its finding pursuant to R.C. 2929.14(C)(4), that consecutive sentences were necessary to protect the public or to punish Mr. Florio, and that consecutive sentences were not disproportionate to the seriousness of Mr. Florio's conduct or to the danger he poses to the public. The trial court further found "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, [and] the harm caused

by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [Mr. Florio]'s conduct[.]"

{¶15} Mr. Florio concedes that his sentence was within the statutory range and he does not contend that the trial court failed to state the findings in the sentencing entry, though he does criticize the court for not supporting its findings in the entry. Mr. Florio also acknowledges that this Court does not review for an abuse of discretion and cannot disturb a sentence absent clear and convincing evidence that the sentence is not supported by the record or is otherwise contrary to law. Yet, in arguing that the imposition of consecutive sentences in this matter "is clearly disproportionate to the seriousness of the behavior acknowledged and documented by [Mr.] Florio[,]" Mr. Florio contends the sentence "is simply a clear f[l]agrant abuse of discretion" and that it is not supported by the record.

{¶16} In support of his argument, Mr. Florio discusses his personal background before highlighting certain portions of the PSI that he believes weigh in favor of a minimal sentence. Mr. Florio asserts that "[t]ruly, the sentence is punishment * * * [b]ut consecutive sentences in this case are not necessary to protect the public because this is an individualized neighbor dispute that spun out of control through [his] anger." Mr. Florio contends the trial court failed to take his minimal prior criminal record into account in sentencing. Mr. Florio argues that he should have been afforded some credit toward his sentence—apparently in addition to jailtime credit—for the time he served in jail during the pendency of this case. Additionally, Mr. Florio directs some degree of fault to C.A. for "wait[ing] for him and call[ing] the police every time" Mr. Florio returned to his former apartment and asserts that C.A. "betrayed him when he could have helped him." Mr. Florio also downplays his actions toward C.A. and minimizes the severity of the harm

he caused to C.A. during the physical altercation that lead to his arrest, claiming that C.A. "was not injured severely if at all[.]" Mr. Florio argues the trial court should have taken into account his acceptance of responsibility in entering a guilty plea, and maintains that his conduct and the harm caused by two or more of the multiple offenses he committed were simply not so great or unusual.

{¶17} Per this Court's review of the PSI in the record, the officer noted that C.A. "has suffered financially, emotionally, and physically from Mr. Florio's actions." In addition to pointing out the severe impact on C.A., the officer stated in the PSI that "Mr. Florio shows no remorse and lacks accountability while demeaning the seriousness of the offenses[,]" that he "seems fixated on [C.A.] and blames him for all his troubles[,]" and that "it appears the likelihood that Mr. Florio will continue to harass [C.A.] is inevitable." The officer recommended the court sentence Mr. Florio to a period of incarceration.

{¶18} Regardless of Mr. Florio's criticism of the trial court for using boilerplate language in its findings in the sentencing entry, the trial court was not required to include support for its findings. *See Bonnell*, 2014-Ohio-3177 at syllabus. Still, the trial court's remarks at the sentencing hearing reflect that the court gave adequate consideration to the facts and circumstances. At sentencing, the trial court questioned whether Mr. Florio believed he was "the persecuted one here" and expressed doubt as to whether Mr. Florio had "developed insight" into why C.A. appeared to fear him, sought to avoid contact with him, and contacted the police when he saw him. The trial court perceived that this was not "finished business" in Mr. Florio's mind based on his continued behavior that made it seem to the court as though he had not "gotten the picture." The trial court also noted that this was "not just a normal crime" because Mr. Florio had been flouting a judge's orders in the midst of the court proceedings, trying to affect the outcome of the case by intimidating

the victim, and retaliating against C.A. "for calling the police on [him] when [Mr. Florio was] in violation of the law." While the trial court noted uncertainty as to "how much responsibility" Mr. Florio accepted, the court did take into account that Mr. Florio accepted some responsibility and that he pleaded guilty.

{¶19} Although Mr. Florio believes his sentence demonstrates a lack of compassion and an abuse of discretion, such is not a basis for modifying his sentence. Moreover, Mr. Florio has not demonstrated clear and convincing evidence to support his argument that the trial court's imposition of consecutive sentences was not supported by the record, nor has he shown that the sentence is otherwise contrary to law. *See Marcum*, 2016-Ohio-1002 at ¶ 1. Therefore, Mr. Florio's assignment of error is overruled.

### III.

{¶20} Mr. Florio's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.